# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LUGO IBARRA,<br><br>    Petitioner,<br><br>    v.<br><br>ANTHONY HEDGPETH,<br><br>    Respondent.<br>_____ / | 1:10-cv-1809-LJO-DLB (HC)<br><br>ORDER REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>[Doc. 22] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 30, 2010. On October 26, 2010, the Court directed Respondent to file a response to the petition. After receiving an extension of time, Respondent filed a motion to dismiss on January 24, 2011. Petitioner did not file an opposition. On March 3, 2011, the undersigned issued Findings and Recommendation to grant the motion to dismiss.[1] On April 11, 2011, Petitioner filed a motion to stay and hold the petition in abeyance while he returns to state court to exhaust the unexhausted claims.

## DISCUSSION

There are two different basis for a district court to stay a petition and hold it in abeyance. The first is under the three-step procedure set forth in Kelly v. Small, 315 F.3d 1063 (9th Cir.

---

[1] The Findings and Recommendation are still pending.

1

2003) (hereinafter "Kelly").  Pursuant to Kelly, the petitioner initially amends the petition to delete any unexhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-1071.)   The court then stays and holds the amended petition in abeyance and allows the petitioner to return to state court to exhausted the deleted claims.  Id.  After completion of exhaustion, the petitioner amends the petition to add the newly-exhausted claims to the original petition.  Id.

The Kelly procedures does not require a showing of good cause for the delay.  King, 564 F.3d at 1140.  The Ninth Circuit has noted, because the Kelly procedure does not leave the mixed petition pending, a petitioner proceeding under this procedure risks that he may not be able to comply with the timeliness of the deleted claims to amend back into the petition after exhaustion.² A claim can only relate back to a pending federal petition only if the new claim shares a "common core of operate facts" within the claims in the pending petition.  Id. at 1141.  A new claim does not relate back to another claims simply because it arises from "the same trial, conviction, or sentence.  Mayle v. Felix, 545 U.S. 644, 662-664 (2004).

The other procedure is set forth in the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005).  Under Rhines, the unexhausted claims are not dismissed and the mixed petition remains pending in federal court while the petitioner returns to state court to exhaust.  Id. at 277.  Therefore, the Rhines procedure protects the petitioner any potential untimeliness.  However, there are limitations when the petition may be stayed under Rhines.  In order to qualify for a stay under Rhines, the petitioner must (1) show good cause for his failure to exhaust all claims before filing the federal action; (2) explain how his unexhausted claim is potentially meritorious; (3) indicate the status of any pending state court proceedings regarding the unexhausted claim; and (4) there must be no indication that the petitioner engaged in intentionally dilatory litigation tactics.  Id. at 277-278.

///

---

² Under 28 U.S.C. § 2244(d)(1), a one year statute of limitations applies to habeas corpus petitions.  The pendency of a federal habeas corpus petition does not toll the applicable one year limitations period under section 2244(d)(1), unlike an application for state habeas corpus relief, which serves to toll the limitations period.  Duncan v. Walker, 533 U.S. 167, 172 (2001).

1 	Petitioner has indicated that he intends to return to state court in order to fully exhaust
2 Claims One through Nine.
3 	In an effort to demonstrate good cause for his failure to exhaust these claims prior to
4 filing in this Court, Petitioner contends that although he knew the nature of his claims, he was
5 not aware he had to support his claims with further specificity.  The California Supreme Court
6 denied Petitioner's petition citing In re Swain, 34 Cal.2d 300, 304 (1949), which stands for the
7 proposition that a petitioner has failed to state his claim with sufficient particularity.  The fact
8 that Petitioner was unaware of the need to plead his claims with more particularity does not
9 demonstrate a showing of good cause.  Mere ignorance of the law is insufficient to demonstrate
10 good cause because such a determination "would render stay-and-abeyance orders routine" and
11 would be contrary to Rhines instruction that district courts should only stay mixed petitions in
12 "limited circumstances."  See e.g. Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008) (a
13 petitioner's mere belief that his attorney had included a claim in an appellate brief not sufficient
14 showing of good cause because such finding would allow virtually every habeas petitioner, at
15 least those represented by counsel, could argue that he thought his counsel had raised an
16 unexhausted claim and secure a stay, such a procedure would run afoul of Rhines instruction to
17 stay mixed petitions only in 'limited circumstances.'"); see also Hughes v. Idaho State Board of
18 Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  Therefore, Petitioner is not entitled to a stay
19 under Rhines.
20 	However if Petitioner wishes to proceed with a stay pursuant to the Kelly procedure, he
21 must first file an amended petition deleting the unexhausted claims.  Petitioner is cautioned that
22 the one year limitations period provided by section 2244(d)(1) applies and the Kelly procedure
23 will not effectively protect the deleted unexhausted claims from future subjection to dismissal as
24 untimely.
25 	Based on the foregoing, IT IS HEREBY ORDERED THAT within thirty (30) days from
26 the date of service of this order, Petitioner shall respond to this order by (1) indicating whether
27 ///
28 ///

///

he wishes to stay the action pursuant to the <u>Kelly</u> procedure or (2) indicating that he desires to delete the unexhausted claims. Failure to comply with this order may result in a recommendation to dismiss the action. Local Rule 110.

IT IS SO ORDERED.

Dated: **May 3, 2011**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

4