**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY LUGO IBARRA, IV, | ) Case No.:1:10-cv-01809-LJO-SAB (HC) |
|         Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR LEAVE TO FILE A SECOND AMENDED |
|     v. | ) PETITION AND DIRECTING RESPONDENT TO |
| | ) FILE A RESPONSE TO THE FIRST AMENDED |
| ANTHONY HEDGPETH, | ) PETITION WITHIN THIRTY DAYS FROM THE |
| | ) DATE OF SERVICE OF THIS ORDER |
|         Respondent. | ) |
| | ) (ECF No. 54) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

### BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on September 30, 2010.  On October 26, 2010, the Court directed Respondent to file a response to the petition.  On January 24, 2011, Respondent filed a motion to dismiss the petition for failure to exhaust the state court remedies with respect to some of the claims raised in the petition.   On March 3, 2011, the Court issued Findings and Recommendations that the motion to dismiss be granted and the petition for writ of habeas corpus be dismissed without prejudice unless Petitioner elected to dismiss the unexhausted claims.  (ECF No. 21.)

///

1

1    In response to the Findings and Recommendation, Petitioner filed a motion to stay the petition

2   on April 11, 2011.  On May 3, 2011, the Court informed Petitioner that he had not meet the

3   requirements for stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), but a stay could be utilized

4   under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), if he so desired.

5    On June 16, 2011, the Court vacated the Findings and Recommendations issued March 3,

6   2011, and granted Petitioner's motion to stay the petition pursuant to <u>Kelly</u>.

7    After returning to state court, Petitioner filed a first amended petition on November 29, 2012.

8    On January 16, 2013, the Court directed Respondent to file a response to the petition.

9    On February 22, 2013, Petitioner filed a motion to amend and submitted a second amended

10   petition which was lodged by the Court.

11    On March 12, 2013, Respondent filed an opposition to Petitioner's motion to amend, and

12   Petitioner filed a reply on June 19, 2013.

### II.

### DISCUSSION

**A.    Standard of Review**

16    A habeas corpus petition "may be amended or supplemented as provided in the rules of

17   procedure applicable to civil actions."  28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15 governs

18   the amendment of pleadings.  Fed. R. Civ. P. 15.  A party may amend the pleading once as a matter of

19   right, and in all other cases written consent by the opposing party or leave of court is required.  Fed. R.

20   Civ. P. 15(a)(2).  Amendment should be granted freely, however, a court may deny a motion to amend

21   if it is made in bad faith, there was undue delay, prejudice would result to the opposing party, it would

22   be futile, or it would delay the proceedings.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Nunes v.</u>

23   <u>Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004).

24    Futility alone is a sufficient basis to deny a motion to amend.  <u>Bonin v. Calderon</u>, 59 F.3d 815,

25   845 (9th Cir. 1995).  Amendment is futile if the statute of limitations has run, the claims are

26   unexhausted, or the legal basis for the claims are tenuous.  <u>Rodriguez v. U.S.</u>, 286 F.3d 972, 980 (7th

27   Cir. 2002); <u>Casewell v. Calderon</u>, 363 F.3d 832, 837, 839 (9th Cir. 2004).

28

In habeas corpus cases, amendment to a pleading relates back to the date of the original petition if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.  Fed. R. Civ. P. 15(c)(1). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases a habeas petition must specify all the grounds for relief available to the petitioner and state the facts in support of each ground.  Mayle v. Felix, 545 U.S. 644, 655 (2005).  The claims sought to be added by amendment must arise from the same core facts as the timely filed claims and must depend upon events not separate in "both time and type" from the originally raised claims.  Id. at 657.

**B.    Motion to Amend**

In the motion to amend, Petitioner indicates that at the time he constructively filed his first amended petition on November 14, 2012, he was unaware as to whether all of his claims were required to be presented in a single petition and requests to file a second amended petition to do so.

Respondent opposes further amendment to add additional claims not presented in the first amended petition that are either untimely and/or unexhausted.

As previously stated, Petitioner filed the original petition on September 30, 2010, and a first amended petition on November 19, 2012.  Therefore, any further amendment requires Respondent's consent or leave of court.

Here, the unexhausted claims presented in the original petition were withdrawn or dismissed from the petition, which included three other exhausted claims.  After exhaustion, the claims were subject to amendment to the pending petition.  The Court found that Petitioner failed to demonstrate good cause for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), and the proceedings were stayed, at Petitioner's request, pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Therefore, the stay did not protect the unexhausted claims from untimeliness while Petitioner attempted to exhaust them.  King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009).  Thus, it must be determined whether each claim relates back to an earlier exhausted claim, and not to the unexhausted claims in a prior petition that were subsequently dismissed for failure to exhaust.  Id. at 1142.

Petitioner raised the following three claims in the original petition of which the state court remedies had been exhausted: 1) the trial court failed to instruct sua sponte the imperfect self-defense

3

theory of voluntary manslaughter; 2) the trial court's failure to instruct on imperfect self-defense and transferred self-defense was prejudicial constitutional error; and 3) the trial court failed to instruct sua sponte on the provocative act doctrine.  (Pet. Attach. A, at 48-64.)

**C.    Claims Raised in Second Amended Petition**

1.    <u>Trial Counsel Was Ineffective For Failing to Interview Burciaga</u>

In ground one of the proposed second amended petition, Petitioner contends trial counsel rendered ineffective assistance.  Petitioner lists several subclaims which provide a separate basis for counsel's ineffectiveness.  One of the subclaims alleges that counsel was ineffective for failing to interview Manuel Burciaga.  (ECF No. 55 at 7, 55-56.)

Respondent argues that this subclaim is untimely because it was not raised in the original or first amended petition.  In his reply, Petitioner contends this sub-claim was based on newly discovered evidence and he is entitled to equitable tolling

Petitioner's conviction became final on March 2, 2009, the date the United States Supreme Court denied his certiorari petition.  <u>See</u> <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2558 (2010); <u>Ibarra v. California</u>, 555 U.S. 1213 (2009).  Therefore, absent any tolling, the limitation period would have expired one year later, on March 2, 2010.  However, Petitioner constructively filed a habeas corpus petition in the California Supreme Court on February 14, 2010, which was denied on September 15, 2010.  (LD[1] 8, 10.)  In light of this state court petition, the limitation period was tolled for 214 days, and the limitations period expired on October 4, 2010.

Although the claim was raised in the first amended petition (<u>see</u> First. Amd. Pet. at 6), it was not raised in the original petition.  In his reply, Petitioner conclusory asserts that neither his defense counsel nor private investigator interviewed witness Burciaga which was an extraordinary circumstance beyond his control.  The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Holland v. Florida</u>, 130 S.Ct.2549, 2562 (2010); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give

---

[1] "LD" refers to the state court documents lodged by Respondent March 27, 2013.

rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Equitable tolling is "unavailable in most cases," <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999), and the "threshold necessary to trigger equitable tolling is very high lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2010)).  It is clear that ordinary negligence on the part of counsel is not an extraordinary circumstance warranting equitable tolling.  <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007).

Here, Petitioner has failed to show extraordinary circumstances warranting equitable tolling based on his conclusory allegation.  <u>See</u> <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1268 (11th Cir.), <u>cert. denied</u>, __ U.S. __, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling.").  Equitable tolling is not available just because an investigator or counsel failed to gather facts to support a claim; rather, there must be an extraordinary circumstance justifying equitable tolling.  Furthermore, Petitioner fails to demonstrate that he was acting with reasonable diligence in attempting to pursue his claim in a timely manner, and equitable tolling is not available.  <u>See e.g.</u>, <u>Guillory v. Roe</u>, 329 F.3d 1015, 1016, 1018 (9th Cir. 2003) (equitable tolling not available if petitioner failed to act diligently in exhausting his claims); <u>see also</u> <u>Lawrence v. Florida</u>, 539 U.S. at 335 (equitable tolling is not available unless the petitioner meets his burden of showing that he had been pursuing his rights diligently).  Thus, this claim is untimely as it concerns conduct of trial counsel.  In contrast, the exhausted claims raised in the original petition all related to conduct of the trial court.  Therefore, this claim is untimely and amendment would be futile.

Furthermore, this subclaim is unexhausted and amendment would be futile on that basis.  Exhaustion of state court remedies is a prerequisite to a federal court's consideration of claims sought to be presented in a federal habeas corpus petition.  28 U.S.C. § 2254; <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004).  To satisfy the state exhaustion requirement, the petitioner must fairly present his federal claims to the state's highest court.  <u>Baldwin</u>, 541 U.S. at 29; <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).

1   A federal court will find that the highest state court was given a full and fair opportunity to

2   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

3   basis.  Duncan v. Henry, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9

4   (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he

5   was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Keating v. Hood, 133 F.3d

6   1240, 1241 (9th Cir. 1998).

7   Here, Petitioner failed to present the claim that trial counsel was ineffective for failing to

8   interview Manual Burciaga to the California Supreme Court.  (LD 5, 8; ECF No. 39 at 14-34.)

9   Although Petitioner raised other ineffective assistance of trial claims to the California Supreme Court,

10   this particular basis was not presented and is therefore unexhausted.  Moormann v. Schriro, 426 F.3d

11   1044, 1056 (9th Cir. 2005) (a petitioner who raised ineffective assistance of counsel claims to the

12   state's highest court cannot later add unrelated alleged instances of counsel's ineffectiveness to those

13   prior claims).

14   2.   Sixth Amendment Violation Pursuant to Cunningham v. California

15   In ground ten of the proposed second amended petition, Petitioner contends that the

16   imposition of consecutive sentences violated his Sixth Amendment rights under Cunningham v.

17   California, 549 U.S. 270 (2007).  Petitioner did not include this claim in the original petition, and the

18   claim is untimely by approximately twenty-eight months, i.e. October 2010 to February  2013.

19   Furthermore, the Supreme Court has specifically held that the rule of Apprendi v. New Jersey , 530

20   U.S. 466 (2000)-that any fact (other than a prior conviction) which exposes a defendant to a sentence

21   in excess of the statutory maximum must be found by a jury, not a judge (the basis of the Cunningham

22   decision), does not apply to consecutive sentencing, and this claim is clearly frivolous.  See Oregon v.

23   Ice, 555 U.S. 160, 163-164, 168 (2009) ("[t]he decision to impose sentences consecutively is not

24   within the jury function[.]")   Therefore, amendment of this claim would be futile.

25   3.   Ineffective Assistance of Appellate Counsel

26    In ground six of the second amended petition, Petitioner contends his appellate attorney

27   rendered ineffective assistance on direct appeal by failing to raise all the other claims that he present in

28   the second amended petition.  Petitioner's original petition did not contain any ineffective assistance

of appellate counsel claims, but the first amended petition raised the claim that appellate counsel was ineffective for failing to raise all of the other claims set forth in the first amended petition.

However, the first amended petition did not include claims that (1) Petitioner's consecutive sentences violated Cunningham; (2) appellate counsel was ineffective for failing to argue that the trial court erred by failing to instruct the jury on imperfect self-defense; (3) appellate counsel was ineffective for failing to argue the trial court erred by failing to instruct the jury on perfect self-defense and transferred self-defense; and (4) appellate counsel was ineffective for failing to argue that the trial court erred by neglecting to instruct the jury that the provocative-act doctrine cannot apply when the police use deadly force to prevent an escape.  Therefore, because Petitioner seeks to add these claims for the first time in the second amended petition, they are untimely by twenty-eight months.

Furthermore, these claims are likewise unexhausted because Petitioner never presented them to the California Supreme Court.  (LD 5, 8; ECF No. 39 at 14-34.)  Accordingly, the amendment to add these claims of ineffective assistance of appellate counsel would be futile.[2]

### III.

### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.     Petitioner's motion to file a second amended petition is DENIED for the reasons stated herein; and

2.     Within thirty (30) days from the date of service of this order, Respondent shall file a response to the first amended petition in compliance with the Court's January 16, 2013, order; and

//

//

//

//

---

[2] In his reply, Petitioner concedes that he cannot present these claims of ineffective assistance of appellate counsel and requests that the court deny any amendment to include these claims.  (Reply, at 15.)

7

3.      All other provisions of the Court's October 26, 2010, order remain in full force and effect.

IT IS SO ORDERED.

Dated:   __**June 25, 2013**__

UNITED STATES MAGISTRATE JUDGE

8