1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11     JOHNNY LUGO IBARRA, IV,              )   Case No.:1:10-cv-01809-LJO-SAB-HC
                                            )
12                    Petitioner,           )   ORDER DENYING PETITIONER'S MOTION
                                            )   FOR LEAVE TO FILE A THIRD AMENDED
13            v.                            )   PETITION
                                            )
14     ANTHONY HEDGPETH,                    )   (ECF No. 76)
                                            )
15                    Respondent.           )
                                            )
16     _____     )

17            Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18     pursuant to 28 U.S.C. § 2254.

19                                            **I.**

20                                     **BACKGROUND**

21            Petitioner filed the instant petition for writ of habeas corpus on September 30, 2010.   On

22     October 26, 2010, the Court directed Respondent to file a response to the petition.   On January 24,

23     2011, Respondent filed a motion to dismiss the petition for failure to exhaust the state court remedies

24     with respect to some of the claims raised in the petition.   On March 3, 2011, the Court issued Findings

25     and Recommendations that the motion to dismiss be granted and the petition for writ of habeas corpus

26     be dismissed without prejudice unless Petitioner elected to dismiss the unexhausted claims.  (ECF No.

27     21.)

28     ///

                                              1

In response to the Findings and Recommendation, Petitioner filed a motion to stay the petition on April 11, 2011.  On May 3, 2011, the Court informed Petitioner that he did not meet the requirements for stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), but a stay could be utilized under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), if he so desired.

On June 16, 2011, the Court vacated the Findings and Recommendations issued March 3, 2011, and granted Petitioner's motion to stay the petition pursuant to Kelly.

After returning to state court, Petitioner filed a first amended petition on November 29, 2012. On January 16, 2013, the Court directed Respondent to file a response to the petition.  On February 22, 2013, Petitioner filed a motion to amend and submitted a second amended petition which was lodged by the Court.  On June 25, 2013, the Court denied Petitioner's motion to file a second amended petition.  On August 26, 2013, Respondent filed an answer to the first amended petition.

On September 16, 2013, Petitioner filed a third motion to amend the petition.  Respondent filed an opposition on October 7, 2013.  Petitioner did not file a reply to the opposition.

## II.

## DISCUSSION

### A.    Standard of Review

A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Fed. R. Civ. P. 15.  A party may amend the pleading once as a matter of right, and in all other cases written consent by the opposing party or leave of court is required.  Fed. R. Civ. P. 15(a)(2).  Amendment should be granted freely, however, a court may deny a motion to amend if it is made in bad faith, there was undue delay, prejudice would result to the opposing party, it would be futile, or it would delay the proceedings.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

Futility alone is a sufficient basis to deny a motion to amend.  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).   Amendment is futile if the statute of limitations has run, the claims are unexhausted, or the legal basis for the claims are tenuous.  Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002); Casewell v. Calderon, 363 F.3d 832, 837, 839 (9th Cir. 2004).

In habeas corpus cases, amendment to a pleading relates back to the date of the original petition if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading.   Fed. R. Civ. P. 15(c)(1). Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases a habeas petition must specify all the grounds for relief available to the petitioner and state the facts in support of each ground.   Mayle v. Felix, 545 U.S. 644, 655 (2005).   The claims sought to be added by amendment must arise from the same core facts as the timely filed claims and must depend upon events not separate in "both time and type" from the originally raised claims.   Id. at 657.

### B.    Motion to Amend

In the motion to amend, Petitioner seeks to present the following three additional claims: (1) The trial court's failure to instruct sua sponte on the imperfect self-defense theory of voluntary manslaughter was prejudicial federal constitutional error; (2) The trial court's failure to instruct on perfect self-defense and transferred self-defense was prejudicial federal constitutional error; (3) The trial court violated Petitioner's federal constitutional rights when it failed to sua sponte instruct that the provocative act doctrine cannot apply when officers use deadly force solely to prevent an escape. Respondent argues that amendment would be futile since the three claims do not present federal questions and fail under 28 U.S.C. § 2254(d).

Since Respondent has filed an answer and Petitioner has amended his petition, Petitioner may amend only with leave of Court or consent by Respondent.   Fed. R. Civ. P. 15(a)(2).

### 1.    Ground One

In the first new ground, Petitioner contends that the trial court deprived him of due process by failing to sua sponte instruct the jury on voluntary manslaughter, based on imperfect self-defense, as a lesser-included offense.   Respondent argues that adding ground one would be futile since it fails to present a federal question, is Teague-barred, and fails under 28 U.S.C. § 2254(d).

Generally, issues of state law are not cognizable on federal habeas.   Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to

3

the level of a constitutional violation, may not be corrected on federal habeas"). Although Petitioner attempts to make out a federal claim by claiming a violation of his due process rights, merely placing a "due process" label on a claim does not transform it into a federal one. Park v. California, 202 F.3d 1146, 1154 (9th Cir.2000). As correctly noted by Respondent, there is no clearly established federal constitutional right to lesser-included offense instructions in non-capital cases. United States v. Rivera-Alonzo, 584 F.3d 829, 834 n. 3 (9th Cir.2009) (citing Solis v. Garcia, 219 F.3d 922, 929 (9th Cir.2000)). Thus, the claim fails to present a federal question. See Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir.1998) ("[T]he failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question."). Additionally, the Court cannot find a constitutional right to a lesser-included offense instruction here as that would require the application of a new rule of law, something the court cannot do under the holding in Teague v. Lane, 489 U.S. 28 (1989). See Solis, 219 F.3d at 929 (habeas relief for failure to instruct on lesser included offense in non-capital case barred by Teague because it would require the application of a new constitutional rule); Turner v. Marshall, 63 F.3d 807, 819 (9th Cir.1995), *overruled on other grounds by* Tolbert v. Page, 182 F.3d 677 (9th Cir.1999) (en banc) (same).

For the same reasons, Petitioner's claim cannot survive scrutiny under 28 U.S.C. § 2254(d). Federal habeas relief is barred unless Petitioner can demonstrate that the state court's alleged failure was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Since there is no clearly established Supreme Court authority requiring lesser-included offense instructions in a non-capital case, Petitioner's claim is barred under § 2254(d). Therefore, adding Ground One to the petition would be futile.

     2.   Ground Two

In his second claim, Petitioner contends the trial court failed to instruct on perfect self-defense and transferred intent. Respondent argues that the claim does not present a federal question and fails under § 2254.

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see 28 U.S.C. § 2254(a). "[A] federal court may grant habeas relief based on trial error only

4

when that error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Calderon v. Coleman, 525 U.S. 141, 145 (1998) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).

To merit relief based on an error in instructing the jury, a habeas petitioner must show the "'instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle, 502 U.S. at 72 (citing Cupp v. Naughten, 414 U.S. 141, 147 (1973); Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). If a federal habeas court determines that the trial court erred in instructing the jury, it must also determine whether the error prejudiced the defendant. See Henderson, 431 U.S. at 153-54. A challenged instruction must not be viewed in isolation; instead, it must be considered "in the context of the instructions as a whole and the trial record." Estelle, 502 U.S. at 72 (citing Cupp, 414 U.S. at 147).

The Supreme Court has previously stated that "the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Crane v. Kentucky, 476 U.S. 683, 690 (1986) (quoting California v. Trombetta, 467 U.S. 479, 485 (1984)). In addition, "[a]s a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." Matthews v. United States, 485 U.S. 58, 63 (1988) (citations omitted); see also Bradley v. Duncan, 315 F.3d 1091, 1098 (9th Cir.2002) (applying the Matthews standard to federal habeas petitions challenging state convictions). Nevertheless, the Supreme Court has noted that it has not extended due process protection concerning the right to present a defense to "confusing instructions on state law which prevent a jury from considering an affirmative defense," since "instructional errors of state law generally may not form the basis for federal habeas relief." Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993) (citing Estelle, 502 U.S. 62.

In this case, Respondent is correct that the claim is barred under § 2254(d). In California, self-defense requires "an honest [a]nd reasonable belief in the need to defend." People v. Flannel, 25 Cal.3d 668, 674 (1979). Here, there was no factual support for an instruction on justifiable self-defense. Petitioner did not testify that he used his car as a weapon in an attempt to defend himself. As noted by the appellate court, Petitioner's theory of defense at trial was that he was "simply trying to

escape and aimed his car for the gap between the other vehicles." (LD[1] 4 at 15.)  Therefore, there is no basis for Petitioner to complain that he was denied his constitutional right to present a defense. Amending the petition to add this claim would be futile.

    3.    Ground Three

        Petitioner next contends the trial court violated his due process rights by failing to sua sponte instruct the jury that the provocative act doctrine cannot apply when police use deadly force to prevent an escape.  Respondent argues that amending the petition would be futile, since the claim is barred by § 2254(d).

        As previously noted, an allegation that a jury instruction is incorrect under state law does not form a basis for federal habeas corpus relief.  Estelle, 502 U.S. at 67 ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.").  Rather, a habeas court must consider "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process . . . not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.'"  Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47 (1973)); California v. Roy, 519 U.S. 2, 5 (1996) (challenge in habeas to the trial court's jury instructions is reviewed under the standard in Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) - whether the error had a substantial and injurious effect or influence in determining the jury's verdict.). In addition, the Court notes that Petitioner's burden is "especially heavy" with this claim, because "[a]n omission or an incomplete instruction is less likely to be prejudicial than a misstatement of law." Henderson, 431 U.S. at 155.

        Under California's provocative act doctrine,

    [D]erivative liability for homicide attaches when the defendant's intentional provocative act proximately causes the death of a victim through the action of a third party. Liability results because the nature of a provocative act – an act that is deliberately performed by the defendant or his accomplice with conscious disregard for human life and that has natural consequences dangerous to human life – is such that malice is implied from the intentional doing thereof.  The killing is attributable not merely to the commission of a felony, but to the intentional act of the perpetrator committed with conscious disregard for life.  Because the killing is a response to the situation created by the perpetrator's intentional act, it is not deemed to be an independent intervening cause that relieves the perpetrator of liability.

---

[1] "LD" refers to the documents lodged by Respondent with the answer.

(LD 4 at 10.)

In this case, Petitioner claims the trial court should have sua sponte instructed the jury that he could not be guilty of murder under the provocative act doctrine if the police used deadly force to prevent his escape.  Petitioner's claim is without foundation because there was no evidence that the police used deadly force to prevent his escape.  Indeed, the uncontroverted evidence showed the officers fired their weapons out of fear for their safety.  Officer Cardinale, when asked why he fired, stated: "I thought the suspect was going to run over my partner or run over Detective Garza and crush him. . . .  I felt that Detective Garza's life was in danger and that he was going to be killed." (RT[2] 1295.)  Detective Garza stated he fired because the suspect attempted to run him over. (RT 1382-83.)  Officer Jauregui stated he fired because the suspect was attempting to run him over, so he fired at the driver to prevent it.  (RT 1403.)  Given there was no basis for this claim, amending the petition to include it would be futile.

### III.

### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1.       Petitioner's third motion to file an amended petition is DENIED for the reasons stated herein; and

2.       All other provisions of the Court's January 16, 2013, order remain in full force and effect.


IT IS SO ORDERED.

Dated:   **November 7, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[2] "RT" refers to the Reporter's Transcript on Appeal.